1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11 ANTHONY E. MACK,

Case No.  1:11-cv-00606-SAB (PC)

12              Plaintiff,

FIRST SCREENING ORDER DISMISSING
COMPLAINT, WITH LEAVE TO AMEND

13        v.

(ECF No. 1)

14 S. HUBBARD, et al.,

THIRTY-DAY DEADLINE

15              Defendants.

16

**I.**

17

**INTRODUCTION**

18      Plaintiff Anthony E. Mack ("Plaintiff") is a state prisoner proceeding pro se and in forma

19 pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on

20 April 5, 2011.  (ECF No. 1.)

21      For the reasons set forth below, Plaintiff's complaint is dismissed for failure to comply

22 with the Federal Rules of Civil Procedure.  Plaintiff shall be given the opportunity to file an

23 amended complaint curing the deficiencies described by the Court in this order.  In the paragraphs

24 that follow, the Court will provide Plaintiff with the legal standards that appear to apply to the

25 claims.  Plaintiff should carefully review the standards and amend only those claims that he

26 believes, in good faith, are cognizable.

27 ///

28

1

1

**II.**

2

**SCREENING REQUIREMENT**

3        The Court is required to screen complaints brought by prisoners seeking relief against a

4 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

5 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6 "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

7 "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

8 1915(e)(2)(B).

9        A complaint must contain "a short and plain statement of the claim showing that the

10 pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

11 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12 conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

13 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate

14 that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.

15 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

16        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

17 liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d

18 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be

19 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

20 that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss

21 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant

22 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

23 liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d

24 at 969.

25 ///

26 ///

27 ///

28

2

**III.**

**COMPLAINT ALLEGATIONS**

Plaintiff is currently in custody at California State Prison ("CSP") in Corcoran, California. Plaintiff names S. Hubbard, K. Elze, J. Alvarado, Scott Kernan, J.A. Keener, J. Grice, M. Junious, D. Adams, J. Martinez, R. Hubach, V. McLaughlin, E. Noyce, W.J. Sullivan, D. Selvy, W. Webb, T. Terson, M. Carrasco, F.J. Gonzalez, Emerson, B. Sanders, M. Bryant, T. Steadman, C. Barts, J. Peterson, Luiz, Parks, L. Puig, J. Callow, Costa, B. Kennedy, K. Deveiga, J. Taber, G.A. Finley, and R. Witford as defendants (collectively referred to as "Defendants").[1]

Plaintiff's complaint contains multiple incidents that occur over a period of more than one year, against thirty-four named defendants from two different prisons, and appear to be unrelated. The Court will not summarize all of the allegations in the first amended complaint since it entails a variety of apparently unrelated claims that would not present a cohesive basis for analysis.  Plaintiff alleges facts suggesting Eighth Amendment claims of excessive force and deliberate indifference, First Amendment claims of access to court, and Due Process claims of deprivation of property.  Plaintiff attempts to link all of his claims as acts of retaliation for filing lawsuits.

**IV.**

**DISCUSSION**

A.      **Rule 18 and 20**

A basic lawsuit is a single claim against a single defendant.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant.  Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or

---

[1] Plaintiff's handwritten complaint is at times illegible.  As such, the Court has used its best judgment in discerning the spelling of Defendants' names.

series of transactions" and "any question of law or fact common to all defendants will arise in the action."  However, unrelated claims that involve different defendants must be brought in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

Plaintiff's complaint contains multiple incidents that occur over a period of more than one year, involving claims of violations of his constitutional rights.  Plaintiff alleges claims against thirty-four defendants.  Plaintiff is advised that his claims do not arise out of the same "transaction, occurrence, or series of transactions."  The incidents described do not involve common questions of fact or law.  Many incidents occurred in different months and involved different defendants.  The facts necessary to prove these claims are unique.  Plaintiff is not permitted to raise all his claims in a single action under Federal Rule of Civil Procedure 20(a)(2) simply because he alleges that all acts were in retaliation for his status as a regular filer of civil rights lawsuits.

The Court advises Plaintiff that each claim that is raised in his amended complaint must be permitted by either Rule 18 or Rule 20.  Plaintiff may state a single claim against a single defendant.  Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18.  Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim.  Plaintiff is advised that a claim does not arise from a common transaction, occurrence, or series of transactions merely because both claims involve discrimination.  Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

B.      **Rule 8**

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint.  Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1).  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. of Civ. P. 10(b).

"[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Fed. R. of Civ. P. 10(b).  Although Plaintiff does state his claims in separate counts, each count contains multiple unrelated allegations.

The function of the complaint is not to list every single fact relating to Plaintiff's claims. Because Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to expend its already taxed resources with attempting to sort out his claims.  Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8.

C.      **Legal Standards**

1.      **First Amendment—Retaliation Claims**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-

68 (9th Cir. 2005); <u>accord</u> <u>Watison v. Carter</u>, 668 F.3d 1108, 1114-15 (9th Cir. 2012); <u>Brodheim</u> <u>v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009).

      **2.**        **Eighth Amendment—Excessive Force Claims**

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force.  <u>Wilkins v. Gaddy</u>, 130 S.Ct. 1175, 1178 (2010) (per curiam); <u>Hudson v. McMillian</u>, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992).  What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency.  <u>Hudson</u>, 503 U.S. at 8 (quotation marks and citations omitted).  For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  <u>Wilkins</u>, 130 S.Ct. at 1178 (quoting <u>Hudson</u>, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. <u>Wilkins</u>, 130 S.Ct. at 1178 (quoting <u>Hudson</u>, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the <u>de</u> <u>minimis</u> use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.  <u>Id</u>. (quoting <u>Hudson</u>, 503 U.S. at 9-10) (quotations marks omitted).  In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.  <u>Hudson</u>, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  <u>Hudson</u>, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency.  <u>Wilkins</u>, 130 S.Ct. at 1178 (quoting <u>Hudson</u>, 503

U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than the resulting injury which ultimately counts.  <u>Id</u>. at 1178.

### 3.      Eighth Amendment Claim—Deliberate Indifference

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs.  <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted).  The two-part test for deliberate indifference requires the plaintiff to show: (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain; and (2) the defendant's response to the need was deliberately indifferent.  <u>Jett</u>, 439 F.3d at 1096 (quotation marks and citation omitted).  Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference.  <u>Id</u>. (citation and quotation marks omitted).  Neither medical malpractice nor isolated incidents of neglect will support an Eighth Amendment claim, <u>Estelle</u>, 429 U.S. at 106; <u>O'Loughlin v. Doe</u>, 920 F.2d 614, 617 (9th Cir. 1990); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990), and where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs, <u>Berry v. Bunnell</u>, 39 F.3d 1056, 1057 (9th Cir. 1994); <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1060 (9th Cir. 1992), <u>overruled on other grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

### 4.      First Amendment—Access to Court

Inmates have a fundamental constitutional right of access to the courts.  <u>Lewis v. Casey</u>, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); <u>Phillips v. Hust</u> , 588 F.3d 652, 655 (9th Cir. 2009).  The right of access to the courts is merely the right to bring to court a grievance the inmate wishes

to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354.  To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court.  Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

**5.      Due Process—Property Deprivation**

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson, 468 U.S. at 533.[1]

**6.      Supervisory or Executive-Level Personnel**

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1948-49; Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed on supervisory personnel under the theory of respondeat

---

[1] California provides an adequate post-deprivation remedy.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§810-895).

superior, as each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235.  Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182

**V.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint is dismissed for failure to comply with the Federal Rules of Civil Procedure.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Plaintiff's complaint, filed April 5, 2011, is dismissed for failure to comply with the Federal Rules of Civil Procedure;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 15, 2013**

_____
UNITED STATES MAGISTRATE JUDGE