# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. MACK, | Case No. 1:11-cv-00606-SAB (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S FIRST MOTION TO EXTEND TIME TO FILE AMENDED COMPLAINT |
| v. | |
| S. HUBBARD, et al., | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| Defendants. | (ECF No. 11) |
| | THIRTY-DAY DEADLINE |

Anthony E. Mack ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On May 15, 2013, the Court screened Plaintiff's complaint and dismissed it with leave to amend. (ECF No. 9.) On May 15, 2013, the Court also denied Plaintiff's motion for a temporary restraining order and preliminary injunction for lack of jurisdiction. (ECF No. 10.) On May 31, 2013, Plaintiff filed a motion to extend time to file an amended complaint, a motion for a copy of the original complaint, and a motion for reconsideration. (ECF No. 11.)

### 1. Extension of Time

On May 31, 2013, Plaintiff filed a motion to extend time to file an amended complaint. (ECF No. 11.) Good cause having been presented to the Court and good cause appearing therefor, Plaintiff will be granted thirty (30) days from the date of service of this order in which to

file an amended complaint.

## 2. Reconsideration

Motions for reconsideration of a district court order are governed by Federal Rule of Civil Procedure 60(b). The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "*may not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

In Plaintiff's motion for reconsideration, he simply restates his prior arguments and does not present newly discovered evidence, clear error, or an intervening change in the law. Thus, the Court denies Plaintiff's motion to reconsider this Court's order denying a temporary restraining order and preliminary injunction. Accordingly,

///

///

IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty (30) days from the date of service of this order in which to file an amended complaint;

2. The Clerk's office shall send Plaintiff a copy of his original complaint, filed on April 5, 2011; and

3. Plaintiff's motion for reconsideration of the Court's May 15, 2013 order is DENIED.

IT IS SO ORDERED.

Dated:   **June 5, 2013**

UNITED STATES MAGISTRATE JUDGE