UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. MACK, | Case No.: 1:11-cv-00606-SAB (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| S. HUBBARD, et al., | (ECF No. 18) |
| Defendants. | |

Plaintiff Anthony E. Mack is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on April 5, 2011.  On May 15, 2013, the Court dismissed the complaint, with leave to amend, for failure to state a cognizable claim.

Now pending before the Court is Plaintiff's first amended complaint filed September 19, 2013.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

1

1  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names approximately 28 individuals as Defendants in his amended complaint.  Plaintiff contends that he arrived at Corcoran State Prison in March 2007, following a retaliatory transfer from California Correctional Institution in Tehachapi, California.  Plaintiff contends he was transferred to conceal that staff had deliberately created a life threatening situation when officer A. Frazier falsely reported that Plaintiff was a child rapist.  Plaintiff contends that the situation has continued from 2007 to 2010 as a result of various prison staff continuing to report falsely that he is a child rapist.

///
///
///

# III.

# DISCUSSION

### A. Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

Plaintiff appears to allege that he may suffer physical harm from other prisoners because he is a rapist, because Defendant A. Frazier told other prisoners that Plaintiff was a rapist, and because the Defendants are producing false documentation to reflect that he is a rapist. Plaintiff fails to establish a nexus between the unlawful conduct and the perceived threat to Plaintiff's safety. Plaintiff allegations are insufficient to reflect that any named Defendant acted with deliberate indifference and informed other inmates that Plaintiff was a rapist.

### B. Conspiracy

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001).

Plaintiff fails to adequately allege a conspiracy because the conspiracy allegations are mere conclusions. Conclusory allegations of a conspiracy which are not supported by material facts are insufficient to state a claim. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989). "'A civil

3

1  conspiracy is a combination of two or more persons who, by some concerted action, intend to
2  accomplish some unlawful objective for the purpose of harming another which results in damage.'"
3  See Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999) (citation omitted).  A civil
4  plaintiff "must show that the conspiring parties reached a unity of purpose or a common design and
5  understanding, or a meeting of the minds in an unlawful arrangement."  Id. (internal citation and
6  quotation marks omitted).  A conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983, but
7  may "enlarge the pool of responsible defendants by demonstrating their casual connections to the
8  violation."  Lacey v. Maricopa County, 693 F.3d 896, 935 (9th Cir. 2012) (en banc).  In order to state
9  a claim, Plaintiff must provide nonconclusory allegations sufficient to give a conspiracy.  He must
10 explain the role of each defendant in the conspiracy, and allege facts with sufficient particularity as to
11 who made the agreement, when the agreement was made, what the agreement consisted of, and the
12 purpose of such agreement.  Plaintiff is again advised that there is respondeat superior liability under
13 section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an
14 employee.  Liability under section 1983 arises only upon a showing of personal participation by the
15 defendant.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d at 1020-1021.

## IV.

## CONCLUSION AND ORDER

18     For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be
19 granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v.
20 Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by
21 adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir.
22 2007) (no "buckshot" complaints).

23     Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
24 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.
25 Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the duties
26 and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a
27 constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as
28 ///

true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's first amended complaint, filed September 19, 2013, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 24, 2014**

UNITED STATES MAGISTRATE JUDGE